IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40483
Conference Calendar

_____


CLAVIS A. CLAYTON,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:96-CV-722
- - - - - - - - - -
August 14, 1997
Before KING, HIGGINBOTHAM, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

    Clavis A. Clayton, a/k/a "Iman Isa al Masih," Texas prisoner
#646468, filed a notice of appeal on April 17, 1997, from the
district court's January 17, 1997, dismissal of his complaint
under the Religious Freedom Restoration Act (RFRA) and the
district court's April 7, 1997, denial of his motion for a new
trial.  This court must examine the basis of its jurisdiction on
its own motion if necessary.  Mosley v. Cozby, 813 F.2d 659, 660

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

(5th Cir. 1987).  A timely notice of appeal is a prerequisite for the exercise of jurisdiction by this court.  United States v. Carr, 979 F.2d 51, 55 (5th Cir. 1992).

Because Clayton filed his motion for a new trial more than ten days after entry of the January 17, 1997, judgment, it is treated as a motion under Fed. R. Civ. P. 60(b).  Harcon Barge Co. v. D. & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986)(en banc).  A Rule 60(b) motion does not suspend the running of the 30-day appeal period and does not bring up the underlying judgment for consideration.  See Fed R. App. P. 4(a)(4); Matter of Ta Chi Navigation (Panama) Corp. S.A., 728 F.2d 699, 703 (5th Cir. 1984).  Because Clayton did not file his notice of appeal until April 17, 1997, more than 60 days after the January 17, 1997, order, this court is without jurisdiction to review the district court's judgment dismissing Clayton's RFRA complaint. See Fed. R. App. P. 4(a)(4); Aucoin v. K-Mart Apparel Fashion Corp., 943 F.2d 6, 8 (5th Cir. 1991).

Jurisdiction in this case is limited to review of the district court's denial of Clayton's motion for new trial.  See Aucoin, 943 F.2d at 8.  Because Clayton failed to address in his brief any error in the district court's denial of his Rule 60(b) motion, he has abandoned the only issue before the court. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Clayton's motions for injunction and his motion to stay the proceedings to correct the brief are DENIED.

Clayton's appeal is without arguable merit and thus frivolous.  See Howard v. King, 707 F.2d. 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.  We caution Clayton that any additional frivolous appeals filed by him will invite the imposition of sanctions.  To avoid sanctions, Clayton is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; SANCTION WARNING ISSUED; MOTIONS DENIED.